UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAQUISHA J. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:11-cv-00247-TWP-MJD |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON EAJA FEES

This matter is before the Court on Plaintiff Laquisha J. Moore's request for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant, the Commissioner of the Social Security Administration ("Commissioner") contests the fee petition as noncompliant with the EAJA's requirements. For the reasons set forth below, the Court **ORDERS** Ms. Moore's counsel, Patrick Mulvany, to produce records of his actual time representing Ms. Moore, within **21 Days** of the date of this Order.

### I. DISCUSSION

Ms. Moore was the prevailing party in this cause to review the Commissioners' denial of Ms. Moore's Social Security Disability Claim ("DIB"). On November 23, 2012, Ms. Moore filed a timely Application for EAJA attorney fees (Dkt. 31); thereafter the Commissioner filed its Response in Opposition ("Dkt. 35). The Commissioner opposes the petition because: (1) Plaintiff's EAJA motion does not comply with the statute's requirement of an itemized statement of the actual time expended by counsel; (2) counsel has not shown that his adjusted hourly rate was reasonable; (3) counsel spent an excessive amount of time drafting Plaintiff's brief and reply under the specific circumstances of this case; and (4) counsel requests fees for time that he spent

performing non-billable tasks. Dkt.35 at 1. Specifically, Ms. Moore's counsel requests an award of six thousand four hundred sixteen and forty six cents ($6,416.46),  to which the Commissioner objects, in part "because it is not clear that her counsel has submitted contemporaneous time records representing the time he actually expended on this case."

Section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) his attorneys' fees and expenses, unless the court finds that the United States' position was substantially justified or special circumstances make an award not just.  Financial means tests also affect eligibility for a fee award, § 2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act.  The party's motion to recover his fees must be timely and supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a cap rate of $125 per hour plus an increase based on the cost of living if a fee higher than $125 is justified.  28 U.S.C. § 2412(d)(2)(A).

Mr. Mulvany's requests for fees under the EAJA have been previously challenged for failure to submit contemporaneous time records.  In cause numbers 1:11-CV-00243-WTL-TAB, 1:11-CV-01233-WTL-TAB, 1:04-CV-00952-SEB-TAB, 1:11-CV-00160-SEB-DML, 1:11-CV-00242-SEB-MJD, and 1:11-CV-00249-SEB-DKL, courts in this District ordered Mr. Mulvany to produce records of his actual time expended in representing plaintiffs.  Mr. Mulvany failed to comply with court orders, and instead contested the requirement of producing actual time, produced estimates of time actually spent, and produced inconsistent hourly records.

Unfortunately, Mr. Mulvany's fee requests in those cases were ultimately denied. Mr. Mulvany's initial fee request in this matter contains the same faults as those highlighted in the cause numbers above. Consistent with the other courts in this district, this Court will allow Mr. Mulvany an opportunity to cure the defects within the initial fee request. The Court will reserve ruling on the fee request until compliance is shown.

## II. CONCLUSION

Therefore, the Court **ORDERS** Mr. Mulvany to produce his records, computer-generated or handwritten, reflecting contemporaneous time entries for work performed in this matter on or before **21 Days** from the date of this Order. The Court reminds counsel of the need to keep formal contemporaneous time sheets for future EAJA fee petitions as this may alleviate objections.

SO ORDERED.

Date: 10/01/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov