UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAQUISHA J. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-00247-TWP-MJD |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTION FOR ATTORNEY FEES**

This matter is before the Court on Plaintiff Laquisha J. Moore's ("Ms. Moore") request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant, the Commissioner of the Social Security Administration ("Commissioner") contests the fee petition as noncompliant with the EAJA's requirements. On October 1, 2013, the Court ordered counsel for Ms. Moore, Patrick Mulvany, to produce his records, computer-generated or handwritten, reflecting contemporaneous time entries for work performed in this matter. Having considered Mr. Mulvany's submission, the Commissioner's response, and Mr. Mulvany's reply, the Court now **GRANTS in part** and **DENIES in part** the Application for Attorney Fees Under the Equal Access to Justice Act (Dkt. 31).

**I. LEGAL STANDARD**

Section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) attorneys' fees and expenses, unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. Financial means tests also affect eligibility for a fee award, § 2412(d)(2)(B), but those tests rarely come into play for a

person seeking disability benefits under the Social Security Act. The party's motion to recover fees must be timely and supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a cap rate of $125.00 per hour plus an increase based on the cost of living if a fee higher than $125.00 per hour is justified. 28 U.S.C. § 2412(d)(2)(A).

## II. DISCUSSION

In its October 1, 2013 Order, the Court noted that in multiple cases before courts in this District, Mr. Mulvany's fee requests and supporting records of actual time expended in representing plaintiffs were inadequate to reward a fee under the EAJA. The Court granted Mr. Mulvany the opportunity to cure the same defects now before this Court. In response, Mr. Mulvany filed an Affidavit (Dkt. 42) and persisted in his argument that "defendant's demand for contemporaneous time records is contrary to the EAJA statute." Dkt. 42 at 1. Mr. Mulvany relies on *Cohen v. Brown*, 8 Vet. App. 5 (Vet. App. 1995), in which the Court of Veterans Claims held that the EAJA's requirement that attorneys submit "an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed," 28 U.S.C. § 2414(d)(1)(B), was not a statutory requirement for the submission of contemporaneously prepared time sheets. "Rather," the court found, "the relevant question is whether an attorney's itemized statement provides sufficient detail to permit a determination regarding the reasonableness of the fees claimed." *Cohen*, 8 Vet. App. at 8.

Mr. Mulvany's reliance on *Cohen* is unavailing. This Court and others have determined that Mr. Mulvany's requests for fees failed to meet the EAJA's requirement of an itemized

statement showing *actual time expended*.  Mr. Mulvany has admitted to other courts that he does not keep records of actual time, but stated:

> Plaintiff's attorney has never kept 'time sheets' as such in Social Security disability appeals to the U.S. District Court.  Having submitted many EAJA attorney fee applications since approximately 1984, it was learned that similar tasks in these cases require similar amounts of time.  Some adjustments were made . . . .  The attorney hours and fees requested were compared to those in other Seventh Circuit and District Court cases and were kept within the average limits set in those cases . . . .  As such the times stated for each task [were] the actual time[s] expended.

*J.M.S.* ex rel. *Spencer v. Astrue*, 1:11-CV-00243-WTL (S.D. Ind. 2012), Dkt. 39 at ¶2.  Contrary to Mr. Mulvany's assertion, such estimates are not "actual time spent."  Given Mr. Mulvany's past refusal to show compliance with this statutory requirement, this Court and others in this District have ordered Mr. Mulvany to comply with the statutory directive by submitting contemporaneous records.  It matters not whether the statute requires it as a matter of course, but that the Court has ordered it.

Here, Mr. Mulvany has, unlike in other cases, submitted redacted copies of his appointment book.  The Commissioner questions the veracity of the redacted appointment book on three grounds.  First, the Commissioner argues that Mr. Mulvany has asserted in cases briefed at the same time as his initial request in this case, that he does not keep time records showing actual time expended.  The Commissioner specifically argues, "[i]t is not clear how or why counsel was able to reconstruct his time in this case and the four cases consolidated in *Sidibe* [*v. Colvin*, 1:11-CV-242-SEB-MJD], but was unable to do so in cases that he was briefing at the same time as this case and after this case and *Sidibe*."  Dkt. 46 at 7.  Second, the Commissioner argues that Mr. Mulvany "has not asserted any reason for submitting a completely redacted copy of the relevant entries from his appointment book."  Dkt. 46 at 7.  The Court notes that all but two dates in Mr. Mulvany's exhibit have been completely redacted.  *See* Dkt. 42-1 at 9.  Third,

the Commissioner argues that Mr. Mulvany has produced inconsistent hourly records that do not match Notices of Electronic Filing in the Court's Electronic Filing System. Mr. Mulvany's submissions in *Sidibe* had similar inconsistencies. The Commissioner has filed an exhibit highlighting six inconsistencies.

The Court continues to be troubled by Mr. Mulvany's reticence to keep contemporaneous time records and to submit records of actual time expended after being given guidance by the courts in this District to do so. However, it is clear that Mr. Mulvany has attempted in this case to file evidence of his actual time expended. The Court shares the Commissioner's concern regarding the veracity of Mr. Mulvany's explanations in *J.M.S.* ex rel *Spencer* and *Sidibe*, given his submissions in this Court. But this concern does not negate Mr. Mulvany's work on behalf of his client, Ms. Moore, or that the Court can still award reasonable fees. Additionally, in its initial response to the EAJA request, the Commissioner argued that Mr. Mulvany failed to show that his adjusted hourly rate was reasonable, that he spent an excessive amount of time drafting Ms. Moore's brief and reply under the specific circumstances of this case, and that he requested fees for time spent performing non-billable tasks. Therefore, the Court will determine based on the totality of information before it, the *reasonable* fee that Mr. Mulvany is entitled.

First, the Commissioner specifically challenges Mr. Mulvany's entries of time on June 6, 2011, October 15, 2011, October 26, 2011, September 18, 2012, and November 23, 2012. On each of those dates, the Notices of Electronic Filing are inconsistent with Mr. Mulvany's affidavit. The Court agrees that there are obvious inconsistencies on June 6, 2011, October 15, 2011, October 26, 2011, and September 18, 2012. According to Mr. Mulvany's fee request, on those dates he expended a total of 1.50 hours. The Court will thus reduce the overall award by

4

1.50 hours. However, beyond those dates, the Court has no direct evidence that Mr. Mulvany did not put in the hours he has submitted to the Court.

Second, the Commissioner argues that Mr. Mulvany has failed to justify a cost of living increase from $125.00 per hour to $179.21 per hour in 2011 and $183.09 per hour in 2012. *Mathews–Sheets v. Astrue*, 653 F.3d 560, 563–64 (7th Cir. 2011) requires a claimant seeking an increase of the $125.00 cap rate to justify an increase "by reference to the particular circumstances of the lawyer seeking the increase." In his fee request, Mr. Mulvany states that he reached the increased hourly rate by using the Consumer Price Index ("CPI") and lists cases from this District in which similar fees were awarded. But *Mathews-Sheets* requires a claimant to show something more than an increase in the lawyer's hourly rate based solely upon an increase in the CPI. "An inflation adjustment must . . . be justified by reference to the particular circumstances of the lawyer seeking the increase." *Id.* at 563-64. Counsel may produce evidence of increased costs of overhead, including rent, supplies, continuing legal education, online legal research, or legal staff's salaries, and how the lawyer's fees for non-contingency cases have increased since 1996, as well as affidavits from attorneys who charge above the $125.00 statutory rate in non-contingency social security cases. *See e.g.*, *Baldwin v. Astrue*, No. 1:11-cv-00444-RLY-DKL, Dkt. 30 (S.D. Ind. May 3, 2012) (citing *Scott v. Astrue*, No. 08-C-5882, 2012 WL 527523 (N.D. Ill. Feb 16, 2012)). Though this list is not exhaustive, essentially the lawyer must show that inflation has had an impact on the costs of providing legal services to social security claimants, not just that the CPI alone warrants a general increase. Mr. Mulvany has not satisfied this showing. However, the Court recognizes that it is appropriate to grant a cost of living increase, and courts in this District routinely grant an hourly rate between $170.00

and $180.00 per hour. Therefore, the Court finds it reasonable to grant an hourly rate of $174.81, the average rate of cases provided by Mr. Mulvany in his original fee request.

Third, the Commissioner requests the Court reduce the total number of fees requested by 15.5 hours: 14 hours from briefing the opening brief and reply, 1 hour from the complaint and related documents, and .50 hours from the EAJA motion. "When calculating an EAJA award, [courts] must exclude hours that were not reasonably expended, and [courts] may reduce the amount of award accordingly." *Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008) (internal quotation and citation omitted). Although Mr. Mulvany did not address or contest this request in his reply, the Court finds the Commissioner's request unreasonable. As the Commissioner pointed out, the record in this case was a large 1,075 pages. However, in the opening brief, counsel did provide a narrative of the statement of facts, but simply copied statements from medical records. Additionally, the reply brief contains a rehashing of the opening brief, including a table containing facts the ALJ ignored, which repeats the same information provided in narrative form in the opening brief. Thus, the Court finds that a total reduction of 10 hours from the opening brief and reply is appropriate. The Court will also reduce 1 hour from the complaint and .50 hours from the EAJA motion, for a total of 11.5 hours.

Finally, the Commissioner requests a reduction of 1.875 hours of time spent on non-billable, clerical tasks. Specifically, this includes time spent downloading and printing the record, drafting motions for extensions of time, reviewing briefing schedules, and return of service of summons. The Court agrees that it is unreasonable to seek fees for these tasks, and Mr. Mulvany has not challenged the Commissioner's position. *See Ritchie v. Astrue*, No. 1:07-CV-1349-WTL-TAB, 2009 WL 2083803, at *1 (S.D. Ind. July 13, 2009) (finding that fees should not be awarded for seeking extensions of time and that fees are not recoverable for tasks

that "do not involve any legal work at all").  Therefore, the overall fee award will be reduced by 1.875 hours.

### III.  CONCLUSION

Despite counsel's initial failure to adhere to the guidance provided by the courts in this District, he has since provided the Court with redacted contemporaneous time records of hours expended in this case.  Moving forward, the Court urges counsel to modify his practices in compliance with the District Court's guidance by keeping records of his actual time expended, as required by the EAJA, and to submit those records with fee requests.

Accordingly, the Court **GRANTS in part** and **DENIES in part** Ms. Moore's application for attorney fees (Dkt. 31).  Ms. Moore originally requested fees for 33.25 hours in 2011 at a rate of $179.21 and for 2.5 hours in 2012 at a rate of $183.09, or a total of 35.75 hours.  For the reasons explained above, the Court will reduce the fees awarded by a total of 14.875 hours to 20.875 hours and the rate to $174.81 for both 2011 and 2012.  The Court **ORDERS** the Commissioner to pay **$3,649.16** to Ms. Moore's counsel, unless within **thirty (30) days** the Commissioner files a statement with the Court, along with supporting evidence, that Ms. Moore owes an outstanding debt to the government as of the date of the award and it will exercise its right of offset.  *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2526–27 (2010).

**SO ORDERED.**

Date: 12/30/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov